UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Mack, | ) C/A No. 2:16-1705-RMG-BM |
|           Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Robert D. Robbins; St. George Police Dept.; Lt. Maybelle Hendricks; Sgt. Ernest Hill; Adrienne Riley, *SLED Agent*; Bruce Gantt, *SLED Agent*; Patti Ruff, *SLED Agent*; *All in Official and Individual Capacities*, | ) |
|           Defendants. | ) |

The Plaintiff, Nathaniel Mack, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Ridgeland Correctional Institution, part of the South Carolina Department of Corrections (SCDC). Plaintiff's allegations concern the prosecution of a 1999 South Carolina charge of murder against him, for which he was convicted and received a sentence of thirty years imprisonment in 2001. See Complaint, ECF No. 1 at 3; Mack v. Padula, No. 9:08–cv–0622–GRA, 2009 WL 750417 (D.S.C. March 18, 2009).

Specifically, Plaintiff states that the issues he is attempting to litigate in this case are "civil rights violation[,] 4th, 8th and 14th false arrest, and newly discovered evidence." ECF No. 1 at 2. He claims that he was falsely charged with murder by Defendant Lt. Maybelle Hendricks, a St. George police detective. Plaintiff alleges that Lt. Hendricks was terminated from her position for allegedly intentionally falsifying documents and disposing of evidence for political reasons. Plaintiff claims that Lt. Hendricks falsified autopsy reports and destroyed evidence in his case. He



alleges that Defendant Robert D. Robbins, the Dorchester County Solicitor, should not have been assigned to prosecute Plaintiff's case based on conflicts of interest including that Robbins employed Plaintiff's mother-in-law, who was a family member (sister) of the person Plaintiff claims was actually responsible for the murder. Plaintiff asserts that his sister was also employed by Defendant Robbins. ECF No. 1 at 3-4. Plaintiff's requested relief is release from prison, a full pardon, and two million dollars in compensation, or a new trial. ECF No. 1 at 5.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th

Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

First, to the extent that Plaintiff is requesting release from incarceration, Plaintiff may not obtain such relief in this § 1983 action, as such relief may only be obtained in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]; Heck v. Humphrey, 512 U.S. 477, 481 (1994) [stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"].

Additionally, Plaintiff's request for monetary damages, which appear to be based on claims of false imprisonment, malicious prosecution, or due process violations, are subject to summary dismissal because a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly call into question the validity of their underlying conviction or the duration of their sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487. As Plaintiff has not alleged that his conviction has been invalidated, these claims are therefore barred by Heck and should be dismissed. See Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir. 2000)[claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir.



3

1996)[Claim for malicious prosecution does "not accrue until a favorable termination is obtained."]; Roesch v. Otarola, 980 F.2d 850, 853–854 (2d Cir. 1992)[holding that requirement that a plaintiff receive favorable determination applies to claims of false arrest, false imprisonment, and malicious prosecution].

Further, any claims by Plaintiff that prosecutor Robert Robbins should not have been assigned to the case based on conflicts of interest, even if they were not barred by Heck, are barred by the applicable statute of limitations.[1] State law concerning limitation of actions applies in claims brought under § 1983; See Wilson v. Garcia, 471 U.S. 261, 266 (1985), partially superseded by statute as stated in Jones v. R.R. Donnelly & Sons, Co., 541 U.S. 369, 377-380 (2004); and in South Carolina, the applicable statute of limitations is generally three years. See S.C. Code Ann. § 15-3-530. Conversely, federal law governs the question of when a cause of action accrues. See Wallace v. Kato, 549 U.S. 384, 387 (2007). Under federal law, the running of the statute of limitations begins

---

[1] The Fourth Circuit has recognized that the statute of limitations may be addressed sua sponte when such a defense appears on the face of either a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, see Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), or a complaint filed in forma pauperis pursuant to 28 U.S.C. § 1915, see Nasim v. Warden, Md. House of Corr., 64 F.3d at 953–54. In Nasim, the Court concluded that, in evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense sua sponte when the face of the complaint plainly reveals the existence of such defense. Id.; see also Hunterson v. Disbabato, 244 F. App'x 455 (3d Cir. 2007) [a district court may sua sponte dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations period has run]; Castillo v. Grogan, 52 F. App'x 750, 751 (6th Cir. 2002)[district court may sua sponte dismiss complaint as time-barred when the defect is obvious]; Alston v. Tennessee Dep't of Corrs., 28 F. App'x 475 (6th Cir. 2002)["Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate."]; Fraley v. Ohio Gallia County, 1998 WL 789385 * 1 (6th Cir. Oct. 30, 1998)[affirming sua sponte dismissal of pro se § 1983 action filed after two year statute of limitations for bringing such an action had expired]; Pino v. Ryan, 49 F.3d 51, 53–54 (2d Cir. 1995)[concluding that district court can raise statute of limitations defense sua sponte in evaluating complaint filed pursuant to § 1915].

4

when a plaintiff knows or has reason to know of his injury. Id. Here, Plaintiff had reason to know of any alleged conflict of interest well over three years before this action was filed.

The Defendant St. George Police Department is also entitled to summary dismissal as a party Defendant (even if this case were otherwise able to proceed) because this entity is not a "person" subject to suit under § 1983.[2] A police department is a group of officers in a building and, as such, is not subject to suit under § 1983. Buildings and correctional institutions, as well as sheriff's departments and police departments, usually are not considered legal entities subject to suit. See Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) [finding that the medical department of a prison is not a person pursuant to § 1983]; Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10–2988–JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011)[finding that a building, detention center, is not amenable to suit under § 1983 and that Food Service Supervisors was a group of people not subject to suit]; see also Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D.Fla. 1990)[dismissing city police department as improper defendant in § 1983 action because not "person" under the statute]; Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D.Ga. 1984)[dismissing police department as party defendant because it was merely vehicle through which city government fulfills policing functions]. The view that a municipal police department is not a legal entity subject to liability under § 1983 is in accord with the majority of federal courts that have addressed this issue. See, e.g., Dean v. Barber, 951 F.2d 1210, 1214–15 (11th Cir. 1992); Petaway v. City of New Haven Police Dep't, 541 F. Supp.2d 504, 510 (D.Conn. 2008) ["[A] municipal police

---

[2] In order to state a cause of action under § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state or [federal] law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also 42 U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167 (1961).

5

department is not subject to suit under section 1983 because it is not an independent legal entity."]; Terrell v. City of Harrisburg Police Dep't, 549 F. Supp.2d 671, 686 (M.D.Pa. 2008)["It is well-settled that police departments operated by municipalities are not 'persons' amenable to suit under § 1983."]; Gore v. Conway Police Dep't, No. 9:08–1806–RBH, 2008 WL 2566985 (D.S.C. June 26, 2008); Lyons v. Edgefield County Police, No. 8:05–2503–MBS, 2006 WL 3827501, at *3 (D.S.C. Dec. 28, 2006) [police department not a separate suable entity amenable to suit]; Buchanan v. Williams, 434 F. Supp.2d 521, 529 (M.D.Tenn. 2006) [concluding that "police departments are not 'bodies politic'" and therefore are not persons subject to action under § 1983]; Stump v. Gates, 777 F. Supp. 808, 815–16 (D.Colo. 1991).

Additionally, Defendants Hill, Riley, Gantt, and Ruff are entitled to summary dismissal (again, even assuming the case was otherwise able to proceed) because Plaintiff has failed to make any allegations against these Defendants. In order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. See Karafiat v. O'Mally, 54 F. App'x 192, 195 (6th Cir. 2002); Curtis v. Ozmint, C/A No. 3:10–3053–CMC–JRM, 2011 WL 635302 at *4 n. 5 (D.S.C. Jan. 5, 2011); Whaley v. Hatcher, No. 1:08CV 125–01–MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr.18, 2008). Here, although Plaintiff listed these persons as Defendants in the caption of the Complaint and list of parties, he failed to discuss them in his statement of claim.



6

## Recommendation

For all of the reasons set forth and discussed hereinabove, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

July 27, 2016
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

8

