IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nathaniel Mack, ) | Civil Action No. 2:16-1705-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Robert D. Robbins, *et al.* ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary dismissal without service of process of this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court adopts the Report and Recommendation.

I. **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002).

"[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## II. Discussion

Plaintiff was convicted of murder in South Carolina state court in 2001. In this § 1983 action, he asserts that he was convicted based on falsified inculpatory evidence and destroyed exculpatory evidence, and that the Dorchester County Solicitor had a disqualifying conflict of interest in his prosecution. For relief, he seeks release from prison, a pardon, and two million dollars.

As the Magistrate Judge notes, release from prison and a pardon are not forms of relief available in a § 1983 case. Claims that would call into question the validity of an underlying state criminal conviction or sentence are not cognizable under § 1983 unless the plaintiff can demonstrate that the conviction or sentence has been previously invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Any claims regarding the Solicitor's purported conflict of interest are time-barred by the applicable three-year limitations period. *See Wilson v. Garcia*, 471 U.S. 261, 266 (1985) (state law concerning limitation of actions applies in claims brought under § 1983); *see also* S.C. Code Ann. § 15-3-530 (three-year limitations period). Plaintiff's claims against the St. George Police Department are not cognizable because a police department is not a person amendable to suit under § 1983. *See, e.g., Petaway v. City of New Haven Police Dep't*, 541 F. Supp.2d 504, 510 (D. Conn. 2008). Finally, Plaintiff neglects to make any allegations at all regarding Defendants Hill, Riley, Gantt, and Ruff. When a § 1983 complaint contains no personal allegations against a defendant, that defendant is properly dismissed, because the plaintiff must affirmatively show that each defendant acted personally to deprive plaintiff of his

constitutional rights. *See Curtis v. Ozmint*, Civ. No. 3:10-3053-CMC-JRM, 2011 WL 635302 at *4 n.5 (D.S.C. Jan. 5, 2011).

On August 12, 2016, Plaintiff mailed a declaration stating that, since filing this action, he has learned that an unidentified Defendant (presumably the Solicitor) is immune from this suit pursuant to *Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993) (holding that a prosecutor in his role as advocate for the state enjoys absolute immunity from § 1983 liability), and that the State of South Carolina (which is not a defendant in this action) is immune from this suit under *Hans v. Louisiana*, 134 U.S. 1 (1890) (referring to states' immunity under the Eleventh Amendment). He asks for his claims against those parties to be disregarded and for suit to proceed against the remaining Defendants. It appears that Plaintiff filed his declaration as an objection to the Report and Recommendation; however, it is not responsive to any complaint's fatal defects that were identified by the Magistrate Judge.

### III.  Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as the Order of the Court (Dkt. No. 15) and **DISMISSES WITHOUT PREJUDICE** this action without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 17, 2016
Charleston, South Carolina